```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF KENTUCKY
```
**NORTHERN DIVISION at ASHLAND**

| | | |
|---|---|---|
| REGINALD MYERS, | ) | |
| | ) | |
|     Petitioner, | ) | Civil Case No. |
| | ) | 0:20-cv-116-JMH |
| V. | ) | |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | **MEMORANDUM OPINION** |
|     Respondent. | ) | **AND ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Reginald Myers is a prisoner currently confined at the Federal Correctional Institution ("FCI")-Ashland in Ashland, Kentucky. Proceeding without counsel, Myers filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. Myers's claims are now ripe for review. For the reasons that follow, the Court will **DENY** Myers's request for habeas relief.

On March 24, 2014, Myers was sentenced by the Southern District of Ohio to a 232-month term of imprisonment. [*See* R. 14-3 at 1-2]. In addition to incarceration, the sentencing court imposed a $1,500.00 fine and $100.00 assessment, for a total of $1,600.00 owed. *Id.* at 5-6. In his habeas petition, Myers claims he is currently unable to work while incarcerated due to his blindness and other physical conditions. [R. 1 at 5-6]. And he argues that the sentencing court only intended for him to make payments towards the $1,600.00 while incarcerated "if he is

1

working." *Id.* at 5. Accordingly, he asks the Court to waive payment of the fine. *Id.* at 6, 9. Myers also suggests in his reply brief that the sanctions imposed on him for his failure to comply with the Federal Bureau of Prisons's Inmate Financial Responsibility Program ("IFRP") are unconstitutional. [R. 15].

A review of Myers's underlying criminal case reveals that this is not Myers's first challenge to the imposition of a fine against him. *See United States v. Myers*, Case No. 1:10-cr-69-MRB (S.D. Ohio 2010). In 2018, Myers filed a motion for clarification with the Southern District of Ohio asking the Court to clarify for the BOP that it intended to waive his fine due to his disabilities. *Id.* at R. 206 therein. But the court summarily denied that motion, noting that the transcript of Myers's sentencing proceeding did not support waiving the fine for disability but, rather, still imposing it. *Id.* at R. 218 therein.

To the extent Myers claims the sentencing court meant for him to make payments toward the fine only "if he is working," Myers misunderstands the language he cites. The full text of the judgment imposes a "lump sum payment of $1,600.00, due immediately," subject to two clarifying conditions. [R. 14-3, at 6]. First, the judgment clarifies that Myers's payment of the fine during supervised release would commence within thirty days of his release from imprisonment. *Id.* Second, the judgment states that Myers must pay "$25 per quarter while incarcerated if he is working in a NON-

2

UNICOR job," but if he is working in a grade one to four UNICOR job, Myers would owe "50% of his monthly pay toward his fine obligation." *Id.* Thus, the "if" language Myers relies on does not actually state that Myers will be altogether free from the financial burden if he is not working. Instead, the judgment simply contrasts the amount due if Myers is working a NON-UNICOR job with that owed if working a UNICOR job. The explicit language of the judgment, combined with the sentencing court's wholesale rejection of Myers's motion for clarification, makes clear that the intent of the sentencing judge was to impose a $1,600.00 criminal monetary penalty due immediately.

Further, Myers's claim that the IFRP "usurps the Court's authority," [*see* R. 15, at 1], and effectively results in extortion has already been rejected by numerous courts. For example, in *Weinberger v. United States*, the Sixth Circuit Court of Appeals explained:

> The IFRP is a work program instituted by the Bureau of Prisons to encourage each sentenced inmate to meet his or her legitimate financial obligations. The program allows for the development of a financial plan that allows inmates to pay enumerated obligations, such as restitution payments, while incarcerated. Although this court has not been presented with the issue, other circuit courts have upheld the IFRP generally and against constitutional due process challenges. While not addressing specific challenges to the IFRP, this court has implicitly endorsed the program.

*Weinberger*, 268 F.3d 346, 360 (6th Cir. 2001) (internal citations and quotation marks omitted). The IFRP is voluntary, and courts

3

have repeatedly recognized that an inmate is not forced to participate simply because his failure to do so will result in the loss of certain privileges. *See, e.g., United States v. Boyd*, 608 F.3d 331, 334 (7th Cir. 2010); *United States v. Lemoine*, 546 F.3d 1042, 1050 (9th Cir. 2008) (finding the consequences for declining to participate in the IFRP do not constitute an "atypical and significant hardship" so as to invoke an inmate's liberty interest).

Finally, the Court notes that Myers has cited no authority explaining why he may raise his claims in a § 2241 habeas petition in the first instance. *See, e.g., Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . ; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."); *see also Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009) (noting "the payment of restitution or a fine, absent more, is not the sort of significant restraint on liberty contemplated in the custody requirement of the federal habeas statutes").

For these reasons, the Court hereby **ORDERS** as follows:

1. Myers's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**;

2. Judgment will be entered contemporaneously herewith; and

4

3. This matter is **CLOSED** and **STRICKEN** from the Court's docket.

This 4th day of March, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge